UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUFUS LOU NELSON, JR.,

           Petitioner,

    v.

J. DOERER,

           Respondent.

No.  1:25-cv-01415-HBK (HC)

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS[1]

(Doc. 1)

Petitioner Rufus Lou Nelson, Jr., a federal prisoner, proceeds pro se on his petition for writ of habeas corpus under 28 U.S.C. § 2241, filed while he was incarcerated at Atwater Penitentiary in Merced County, California, which is within this Court's jurisdiction and venue. (Doc. 1, "Petition").  To the extent discernable, the Petition alleges that the court of conviction and sentencing lacked jurisdiction to indict Petitioner for violations of 18 U.S.C. §§ 1201 and 2119, and that, because the court lacked jurisdiction, Petitioner is held in violation of his constitutional rights to due process and equal protection.  (*Id*. at 2-3, 7-8).  In support, Petitioner relies primarily on *United States v. Chavarria*, 140 F.4th 1257, 1265 (10th Cir. 2025), in which

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1).  (Doc. 11).

1

the Tenth Circuit held "motor vehicles" are not per se instrumentalities of interstate commerce for purposes of the federal kidnapping statute and affirmed dismissal of the superseding indictment for failure to allege a sufficient nexus to interstate commerce.

On April 12, 2026, the Court ordered a limited response addressing whether this Court has jurisdiction under 28 U.S.C. § 2241 to consider Petitioner's challenges to his underlying federal conviction in the Western District of Oklahoma.  (Doc. 8).  On March 23, 2026, Respondent filed a limited response arguing that the Court lacked subject matter jurisdiction to review the § 2241 petition because, under *Jones v. Hendrix*, 599 U.S. 465 (2023), Petitioner cannot use the "savings clause" of 28 U.S.C. § 2255 to reassert claims he unsuccessfully raised in the court of conviction. (Doc. 14 at 3).  Respondent also submitted the Tenth Circuit's order denying Petitioner authorization to file a second or successive § 2255 motion.  (Doc. 14-1).  On April 27, 2026, Petitioner filed "objections to Respondent's limited response re: subject matter jurisdiction; combined motion to strike, and motion for a more definite answer."  (Doc. 15).  Construed as a reply, Petitioner asserts he is "permitted to utilize 28 U.S.C. § 2241 to challenge his actual and factual legal innocence of his conviction and sentence."  (Doc. 15 at 4-6).

For the reasons set forth below, the Court dismisses the Petition for lack of jurisdiction.

## I. BACKGROUND

### A. Procedural History

Petitioner  is serving a 480-month aggregate sentence for one count of felon in possession of ammunition, in violation of 18 U.S.C. § 992(g); one count of carjacking, in violation of  18 U.S.C. § 2119; one count of kidnapping, in violation of 18 U.S.C. § 1201(a)(1); and one count of use and discharge of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 942(c)(1)(A).  The United States District Court for the Western District of Oklahoma ("WDOK") imposed the sentence in 2019 after a jury trial.  *See United States v. Nelson*, 5:18-cr-00130-SLP-1, Crim. Docs. 49, 57 (W.D. Ok.).[2]

////

---

[2] The undersigned cites to the record in Petitioner's underlying WDOK criminal case as "Crim. Doc. _.".

The United States Court of Appeals for the Tenth Circuit affirmed Petitioner's conviction and sentence on direct appeal. *United States v. Nelson*, 801 F. App'x 652, 655 (10th Cir. 2020); Crim Doc. 77. In 2021, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate his sentence, which the WDOK denied. Crim. Docs. 81, 89. No appeal followed. (*See generally* Crim. Doc.). In July 2022 and September 2022, the Tenth Circuit denied Petitioner's applications for authorization to file a second or successive § 2255 motion. Crim. Doc. 93 (holding that *Borden v. United States*, 141 S. Ct. 1817 (2021), did not warrant a second or successive § 2255 motion because it interpreted a statute rather than announcing a new rule of constitutional law); Crim. Doc. 97 (denying authorization because Petitioner failed to make a prima facie showing that *Ruan v. United States*, 142 S. Ct. 2370 (2022) announced a new rule of constitutional law). In August 2025, the Tenth Circuit again denied Petitioner's application for authorization to file a second or successive § 2255 motion. Crim. Doc. 107; Doc. 14-1. In April 2026, Petitioner filed a motion to reduce his sentence, which remains pending in the WDOK. Crim. Doc. 110.

## II. APPLICABLE LAW AND ANALYSIS

Under Rule 4 of the Rules Governing Section 2254 Cases, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition. R. Governing 2254 Cases 4. The Advisory Committee Notes to Rule 4 explain that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent." A motion to dismiss a habeas petition is construed as a request that the court dismiss under Rule 4. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

### A. Jurisdiction under § 2241

A petition under 28 U.S.C. § 2241 is generally reserved for federal prisoners challenging "the manner, location, or conditions of a sentence's execution." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). By contrast, federal prisoners challenging the validity or constitutionality of their conviction or sentence must ordinarily proceed via a motion to vacate,

3

set aside, or correct the sentence under 28 U.S.C. § 2255 in the sentencing court. *Jones v. Hendrix*, 599 U.S. 465 (2023); *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012); *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("[M]otions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

In limited circumstances, a federal prisoners may challenge the legality of his confinement through a § 2241 petition by invoking the "savings clause" or "escape hatch" provision of § 2255(e). *Jones*, 599 U.S. at 474-76; *Harrison*, 519 F.3d at 956. This clause allows a federal prisoner to seek relief under § 2241 if he can show that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Jones*, 599 U.S. at 478 ("After AEDPA, as before it, the savings clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence."). In *Jones v. Hendrix*, the Supreme Court held "that § 2255(e)'s savings clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix*, 599 U.S. at 471. The Supreme Court noted that § 2255(h) limits second or successive § 2255 motions to those containing:

> "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

*Id*. at 476. "The inability of a prisoner with a statutory claim to satisfy those conditions does not

mean that he can bring his claim in a habeas petition under the savings clause.  It means he cannot bring it at all."  *Id.* at 480.

Here, Petitioner challenges the legality of his confinement[3] by alleging, liberally construed, that in light of the Tenth Circuit's 2025 decision in *Chavarria*, the WDOK lacked jurisdiction to indict him under 18 U.S.C. §§ 1201 and 2119 and that he is therefore held in violation of his due process and equal protection rights.  (*See* Doc. 6 at 2-3, 7-8).  Respondent notes that the Tenth Circuit denied Petitioner's request for authorization to file a second or successive § 2255 motion because *Chavarria* does not qualify as "new rule of constitutional law" under § 2255(h), as only the Supreme Court may announce a new rule of constitutional law and make it retroactive.  (Doc. 14-1).

Thus, Petitioner may invoke § 2255(e)'s "savings clause" to proceed under § 2241 if he can show that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *see also Jones*, 599 U.S. at 478.  In response to Question 14 of the form Petition, Petitioner explains that his is proceeding under § 2241 rather than § 2255 because (1) the one-year statute of limitations has expired, and (2) the issues presented allegedly satisfy "criteria per 28 U.S.C. § 2241(a)(c)(1) and (3)."  First, it is well established that § 2255 is not "inadequate or ineffective" merely because the statute of limitations bars a § 2255 motion.  *See, e.g., Lorenzana-Cordon v. Lammer*, 2024 WL 5717475, at *3 (C.D. Cal. Apr. 25, 2024); *see also Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (§ 2255 is not inadequate or ineffective where district court dismissed a § 2255 motion as successive and the court of appeals declined to authorize a second or successive motion).  Second, as noted above, federal prisoners challenging "the manner,

---

[3] Petitioner briefly asserts in his reply that he is challenging the "execution of his convictions and sentences – not the imposition of his convictions and sentences."  (Doc. 15 at 5).  However, he simultaneously acknowledges that he is challenging the legality and duration of his confinement and repeatedly claims he is "actually and factually innocent "of his "conviction and sentence."  (*See generally* Doc. 15).  Moreover, to the extent he contends in reply that the "Warden has unlawfully executed [his] sentence by unlawfully collecting special assessments" (Doc. 15 at 5-6), habeas claims raised for the first time in reply or traverse need not be considered.  *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."); *Zamini v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("district court need not consider arguments raised for the first time in a reply brief"); *Moore v. McVay*, 2023 WL 2541328, at *4 (N.D. Cal. Mar. 15, 2023) (district court "has discretion, but is not required to" consider claims raised in the traverse).

location, or conditions of a sentence's execution" may proceed under § 2241 in the custodial court; however, prisoners such as Petitioner who challenge the validity or constitutionality of their conviction or sentence must proceed under § 2255 in the sentencing court, unless they can establish that § 2255 is "inadequate or ineffective to test the legality of [their] detention." *See Harrison*, 519 F.3d at 95; *Hernandez v. Campbell*, 204 F.3d at 864; *Jones*, 599 U.S. at 478.

Although Petitioner asserts in reply that he is "actually and factually innocent" based on *Chavarria*, he does not identify any "unusual circumstances" that make it "impossible or impractical" to seek relief from the sentencing court such that he might invoke § 2255(e)'s savings clause. *See Jones*, 599 U.S. at 471, 474 (providing as example of an "unusual circumstance" the dissolution of the sentencing court, because "a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose."). Here, the sentencing court has squarely rejected Petitioner's request to file a second or successive § 2255 motion premised on a "new rule of constitutional law" in *Chavarria*. (Doc. 14-1). As the Supreme Court emphasized in *Jones*, Petitioner's inability to satisfy § 2255(h) does not permit him to proceed under § 2241 via the savings clause; rather, "[i]t means he cannot bring [the claim] at all." *Jones*, 599 U.S. at 480; *see also Bullette v. Lepe*, 2026 WL 450388, at *1 (C.D. Cal. Jan. 20, 2026), *report and recommendation adopted*, 2026 WL 447162 (C.D. Cal. Feb. 13, 2026) ("Even if the sentencing court ultimately denies Petitioner's second section 2255 motion (based on section 2255(h) or otherwise), section 2255 would not be 'unavailable' to Petitioner within the meaning of the savings clause.").

Because Petitioner has not satisfied § 2255's savings clause, this Court lacks jurisdiction over the Petition under § 2241. In addition, because the Court of Appeals has denied Petitioner authorization to file a successive § 2255 motion, transferring the § 2241 petition to the WDOK for consideration as a § 2255 motion would be futile.

////

////

Accordingly, it is **ORDERED**:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

6

2. The Clerk of Court is directed to terminate all pending motions and deadlines and to close this case.

Dated:    May 29, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE